IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
WWP, INC.,                      )
                                )
          Plaintiff,            )         8:07CV370
                                )
     v.                         )
                                )
WOUNDED WARRIORS, INC.,         )         ORDER
                                )
          Defendant.            )
_____)
```

This matter is before the Court on defendant's motion for leave to file second supplemental index of evidence (Filing No. 39); plaintiff's motion for leave to file supplemental brief (Filing No. 42) in support of plaintiff's motion for preliminary injunction (Filing No. 11) and (proposed) motion to strike and corresponding exhibit in support of plaintiff's motion for preliminary injunction (Filing No. 42); and plaintiff's motion for leave to file reply brief in support of supplemental brief (Filing No. 49).  After review of the motions, the briefs and evidentiary submissions, and the applicable law, the Court finds that the defendant's motion should be granted and the plaintiff's motions should be denied.

                    DEFENDANT'S MOTION FOR LEAVE TO FILE
                     SECOND SUPPLEMENTAL INDEX OF EVIDENCE

Defendant proposes to file a supplemental index of evidence to add an affidavit by John Folsom indicating he was misinformed when he gave his initial affidavit as part of defendant's brief in opposition to plaintiff's motion for a

preliminary injunction (Filing No. 22) and an exhibit consisting of a letter to plaintiff's executive director apologizing for his error. (*See Id.*) The Court notes that plaintiff does not oppose this motion, and urges elsewhere that it be allowed to supplement the record with the letter "in the event the Court does not grant Defendant leave to file the same letter." (*See* Filing No. 42.) The Court finds that this motion should be granted.

>     PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF IN
>     SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION
>     AND(PROPOSED) MOTION TO STRIKE AND CORRESPONDING EXHIBIT IN
>      SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

This motion purports to seek leave to file a supplemental brief in support of plaintiff's motion for a preliminary injunction, but a review of the proposed brief reveals its primary purpose is to seek leave in order to move to strike parts of defendants brief in opposition to plaintiff's motion for a preliminary injunction, an affidavit, and various allegations in defendant's answer. Motions to strike are governed by Fed. R. Civ. P. 12(f), which provides that courts "may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The Court notes that "motions under Rule 12(f) are viewed with disfavor by the federal courts and are infrequently granted." 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1380, at 394 (2004).

-2-

In moving to strike filings such as affidavits and briefs, plaintiff's motion seeks to use Rule 12(f) for an improper purpose. The motion to strike should not be used to strike portions of affidavits. *See Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Hicks, Muse, Tate & Furst, Inc.*, 2002 WL 1482625 (S.D.N.Y. 2002) ("Most importantly, Rule 12(f) allows a court to strike pleadings only. Declarations and affidavits are not pleadings."). Nor should a motion to strike be employed to strike portions of an opponents brief. *See Latino Quimica-Amtex S.A. v. Akzo Nobel Chemicals B.V.*, 2005 WL 2207017, 10 n.6 (S.D.N.Y. 2005) ("Plaintiffs' request to strike 10 pages of Defendants' opposition brief is denied, as that request, which is directed to a brief rather than a pleading, does not constitute a proper motion to strike under Fed.R.Civ.P. 12(f)."). Similarly, a motion to strike should not be applied to strike another party's motion. *Inter-Tel, Inc. v. West Coast Aircraft Eng'g, Inc.*, 2005 WL 2431267, 2 (M.D.Fla. 2005) ("Rule 12(f) provides only for the striking of pleadings, not motions."). Thus, plaintiff's motion to strike should not be granted to the extent it proposes striking portions of documents outside of the pleadings. To the extent that the Court has inherent authority to strike inappropriate matter in affidavits, briefs, and motions, it declines to do so.

Plaintiff also seeks to strike defendant's unclean hands defense from the pleadings.  Although testing the sufficiency of a defense is one of the permissible purposes of the motion to strike, *see, e.g.*, *United States v. Am. Elec. Power Serv. Corp.*, 218 F.Supp.2d 931, 936-36 (S.D.Ohio 2002), what plaintiff seeks to do here is not to test the sufficiency, but rather the truth, of the defendant's allegations.  A motion to strike is not an appropriate means of doing this.  Thus, plaintiff's proposed motion to strike should not be granted and the Court finds that plaintiff's motion for leave to file it should be denied.

> PLAINTIFF'S MOTION FOR LEAVE TO FILE
> REPLY BRIEF IN SUPPORT OF SUPPLEMENTAL BRIEF

This motion seeks leave to file a reply brief in response to defendant's memorandum brief in opposition to motion for leave to file supplemental brief (Filing No. 47).  The Court notes initially that the brief in question could have been filed within five business days after the defendant filed its brief.  (*See* NECivR 7.1(c).)  Plaintiff offers no showing of good cause why the deadline was missed and leave should be given, but merely states that it had not filed an initial brief.  (*See* Filing No. 49.)  Failure to file an initial brief does not entitle plaintiff to file a reply brief.  In fact, supporting briefs are required for motions raising a substantial issue of law (*See* NECivR 7.1(a)(1)), and here the motion involved included a motion for

leave to file a motion to strike (Filing No. 42).  The motion to strike was opposed and apparently was substantial enough to merit a reply brief.  Thus, the Court finds no good cause in plaintiff's failure to comply with NECivR 7.1(a)(1) to excuse plaintiff's failure to comply with NECivR 7.1(c).  In addition, the brief plaintiff wishes to file merely reiterates plaintiff's initial argument that defendant's pleadings, affidavits, and exhibits should be stricken.  NECivR 7.1(c) requires that a reply brief address factual or legal issues raised in the opposing brief.  Finally, inasmuch as the Court has found that the motion plaintiff wishes to file a reply brief in regard to should be denied, this motion is moot.  For each of these reasons the Court finds that the motion should be denied.  Thus, the Court finds that the defendant's motion should be granted and the plaintiff's motions should be denied.  Accordingly,

IT IS ORDERED:

1) Defendant's motion for leave to file second supplemental index of evidence (Filing No. 39) is granted.

2) Plaintiff's motion for leave to file supplemental brief in support of plaintiff's motion for preliminary injunction and (proposed) motion to strike and corresponding exhibit in support of plaintiff's motion for preliminary injunction (Filing No. 42) is denied.

3) Plaintiff's motion for leave to file reply brief in support of supplemental brief (Filing No. 49) is denied.

DATED this 14th day of January, 2008.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court