IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
WWP, INC.,                        )
                                  )
            Plaintiff,            )         8:07CV370
                                  )
      v.                          )
                                  )
WOUNDED WARRIORS, INC.,           )         MEMORANDUM AND ORDER
                                  )
            Defendant.            )
_____)
```

This matter is before the Court on plaintiff's motion to dismiss Wounded Warriors, Inc.'s counterclaim pursuant to Fed. R. Civ. P. 12(b)(6) (Filing No. 59). Upon consideration of the motion and the briefs of the parties, the Court finds that the motion should be denied.

WWP argues that Wounded Warriors's counterclaims should be dismissed because they "are without merit" (Filing No. 60, at 1); because defendants can "assert no facts which support a finding" (*Id.* at 7); because the defendant "fails to meet the threshold showing" (*Id.* at 8); because the counterclaim is "premised on an incorrect chronology" (*Id.* at 9); because defendant's allegations are "wrong" or "untrue" (*Id.* at 10, 13, 17); because the defendant "simply cannot show" plaintiff's bad faith (*Id.* at 11); because defendant "can in no way establish by a preponderance of the evidence" plaintiff's bad faith (*Id.* at 12); because the defendant "cannot establish secondary meaning" (*Id.* at 14); because defendant "[o]n the face of its counterclaim

. . . has failed to demonstrate a likelihood of confusion" (*Id.* at 15); and because the claims are barred by the defense of laches (*Id.* at 16).  Each of these arguments involves an evaluation of the evidence which is wholly inappropriate at this stage of the lawsuit.  In pleading its counterclaim, the defendant was required to supply merely "a short and plain statement" of the grounds for the court's jurisdiction, of the claims for relief, and a demand for the relief sought.  Fed. R. Civ. P. 8(a).  A review of the defendant's counterclaims reveal that it has complied with these requirements.  (*See* Filing No. 52, at 5-20.)

Plaintiff suggests that the United States Supreme Court's recent decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. ___, 127 S. Ct. 1955 (2007), in some way alters Rule 12(b)(6) practice to allow this type of factual challenge because now "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the [counterclaim]'s allegations are true."  (Pl.'s Reply Br. in Supp. of Mot. to Dismiss Def.'s Counterclaim, Filing No. 69, at 2. (quoting *Twombly*, 550 U.S. at ___, 127 S. Ct. at 1959).)  It is true that *Twombly* eliminated the "no set of facts" test, cited by both parties here (*See* Filing No. 60, at 4; Filing No. 67, at 2) in favor of a rule that allegations, taken as true, must plausibly suggest a right to relief.  *See Twombly*, 127 S. Ct. at

1959.  However, *Twombly* speaks to the level of detail necessary for a pleader to satisfy Rule 8(a), not to the likelihood of the truth of the allegations as WWP suggests here.  The truth of the defendant's allegations is to be tested at trial, not at the pleading stage.  Accordingly,

IT IS ORDERED that plaintiff's motion to dismiss defendant's counterclaim (Filing No. 59) is denied.

DATED this 11th day of August, 2008.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court