IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
WWP, INC.,                        )
                                  )
            Plaintiff,            )         8:07CV370
                                  )
      v.                          )
                                  )
WOUNDED WARRIORS, INC.,           )         ORDER
                                  )
            Defendant.            )
_____)
```

This matter is before the Court on defendant Wounded Warriors, Inc.'s ("Wounded Warriors") motion to dismiss and motion to strike (Filing No. 109). Upon review of the motion, the briefs, the plaintiff's amended complaint, and the applicable law, the Court finds that the motion should be granted in part and denied in part.

Wounded Warriors seeks an order dismissing WWP, Inc.'s ("WWP") claim for trademark infringement pursuant to the Lanham Act, 15 U.S.C. § 1114, *et seq.*, WWP's claim for unfair competition pursuant to 15 U.S.C. § 1125(a), WWP's prayer for "an award of damages and/or civil penalties" in its third claim for relief (Filing No. 104, at 9), and WWP's requests for attorney's fees in its fifth (*Id.* at 11), sixth (*Id.* at 12), and seventh (*Id.* at 13) claims for relief.  The Court has reviewed the plaintiff's amended complaint and determined that WWP has alleged valid claims for trademark infringement and unfair competition.

Therefore, the motion will be denied with respect to those claims.

WWP prays for damages and/or civil penalties in its third claim for relief which it asserts pursuant to the Nebraska Deceptive Trade Practices Act (NDTPA), Neb. Rev. Stat. § 87-301, *et seq.* Neither damages nor civil penalties are available under the UDTPA. Although neither party mentions it in its brief,[1] this Court has previously ruled in this case that the act does not provide for the recovery of damages. In granting Wounded Warriors's motion to dismiss part of WWP's initial complaint, this Court stated that

> the defendant objects to that portion of the third claim in which plaintiff seeks recovery of damages, interest, and attorney's fees. The third claim for relief is premised on the Nebraska Deceptive Trade Practices Act, and Section 87-303 provides only for injunctive relief. The decisions of the Nebraska Supreme Court make it clear that this act does not provide for the recovery of damages but provides only for injunctive relief.

(Filing No. 20, at 1-2.) Therefore, damages are not authorized for this claim. With respect to civil penalties, the NDTPA "only provides for equitable relief consistent with general principles of equity." *Sid Dillon Chevrolet-Oldsmobile-Pontiac v. Sullivan*,

---

[1] Counsel are reminded of their obligations under NEGenR 1.7(b)(2) and Neb. Rev. Stat. 3503.3(a)(2).

559 N.W.2d 740, 746 (Neb. 1997).  "Remedies intended to punish culpable individuals, as opposed to those intended simply to extract compensation or restore the status quo, were issued by courts of law, not courts of equity."  *Tull v. United States*, 481 U.S. 412, 422 (1987) ("A civil penalty was a type of remedy at common law that could only be enforced in courts of law.").  Therefore civil penalties are not equitable relief and are not available under the NDTPA.  Moreover, WWP's argument that it is entitled to civil penalties under a private attorney general theory is without merit.  The private attorney general doctrine is addressed to awards of attorney's fees, not civil penalties, and this motion does not seek to strike WWP's request for attorney's fees in its third claim for relief.  *See* 20 C.J.S. *Costs* § 145.  Wounded Warriors's motion should be granted with respect to this claim and the references to damages and/or civil penalties stricken.

   Finally, Wounded Warriors moves that this Court dismiss WWP's prayers for attorney's fees under its claims for conversion, unjust enrichment, and for an accounting (Filing No. 110, at 5-6).  WWP concedes to the striking of these requests (Filing No. 116, at 9).  The Court will therefore grant the motion with respect to the attorney's fees requests.

-3-

**CONCLUSION**

For the foregoing reasons, the Court finds that Wounded Warriors's motion to dismiss should be denied and its motion to strike should be granted with respect to WWP's prayers for damages and/or civil penalties in its third cause of action and with respect to its prayers for attorney's fees requests in its fifth, sixth and seventh causes of action. Accordingly,

IT IS ORDERED:

1) Defendant Wounded Warriors's motion to dismiss and motion to strike (Filing No. 109) is granted in part;

2) The references to damages and/or civil penalties in WWP's third cause of action are stricken;

3) The references to attorney's fees in WWP's fifth, sixth, and seventh causes of action are stricken;

4) The motion is denied in all other respects.

DATED this 12th day of February, 2008.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court