```
        IN THE UNITED STATES DISTRICT COURT FOR THE

                     DISTRICT OF NEBRASKA

WWP, INC.,                      )
                                )
            Plaintiff,          )         8:07CV370
                                )
     v.                         )
                                )
WOUNDED WARRIORS, INC.,         )         MEMORANDUM AND ORDER
                                )
            Defendant.          )
_____)
```

This matter is before the Court on defendant Wounded Warriors, Inc.'s ("Wounded Warriors") motion to compel (Filing No. 157), motion to extend response deadline (Filing No. 160), motion to extend expert witness disclosure (Filing No. 162), and objection to issuance of subpoenas duces tecum (Filing No. 198), and on plaintiff WWP, Inc.'s ("WWP") motion to strike (Filing No. 164), and motion to dismiss its first and second claims for relief (Filing No. 204). Upon review of the motions, the objection, the briefs and evidentiary submissions of the parties, the arguments of counsel, and the applicable law, the Court finds that the motions to strike, compel, and to extend expert witness disclosure should be denied, the motions to extend response deadline and to dismiss claims should be granted, and that the objection to issuance of subpoenas should be overruled.

## I. WWP's MOTION TO STRIKE

Because it could potentially impact resolution of the other motions at issue here, it is necessary to first address

WWP's motion to strike (Filing No. 164).  WWP moves for an order striking Wounded Warriors's motions to compel, to extend response deadline, and to extend deadline to disclose expert witness.  WWP argues that each of the motions should be stricken because Wounded Warriors "wholly failed to comply with its meet-and-confer obligations . . . ."  (*Id.* at 1.)  NECivR 7.1(i) states in pertinent part that

> this court will not consider any discovery motion unless counsel for the moving party, as part of the motion, shows in writing that after personal consultation with counsel for opposing parties and sincere attempts to resolve differences, they were unable to reach an accord.  This showing shall also recite the date, time, and place of such communication and the names of all persons participating in them.
>
> . . .
>
> "Personal consultation" shall include person-to-person conversation, either in the physical presence of each counsel or on the telephone.  An exchange of letters, faxes, voice mail messages, or e-mails between or among opposing counsel may also constitute personal consultation for the purposes of this rule upon a showing that person-to-person conversation was attempted by the moving party and thwarted by the non-moving party.

NECivR 7.1(i), (i)(1).  WWP argues that Wounded Warriors's statement that it "certifies that, by and through its attorneys,

it has consulted with counsel for Plaintiff in a sincere attempt to resolve the differences giving rise to this motion but such attempt was unsuccessful" is "not true as Defendant did not attempt to contact WWP to resolve the instant discovery dispute prior to having filed its Motion to Compel." (Filing No. 165, at 3-4.) Wounded Warriors disagrees, citing written inquiries it sent WWP on January 26 and February 3, 2009. Counsel for Wounded Warriors also swears that he and counsel for WWP "telephonically discussed the outstanding discovery requests" cited in the motion to compel prior to its filing, but that "Plaintiff was involved in a prolonged board meeting and that discovery responses would be provided when the such meeting had adjourned." (Filing No. 159-2, at 2-3 ¶ 8.) Wounded Warriors goes on to suggest that "[a]s of March 24, 2009, Plaintiff had apparently still not finished its prolonged board meeting as it had failed to provide any documents . . . ." (Filing No. 168, at 5.)

      A review of the record suggests a simple misunderstanding between counsel. It appears to the Court that during telephonic conversations prior to the filing of the motion to compel, counsel for Wounded Warriors believed that he was attempting to engage in a person-to-person conversation in compliance with NECivR 7.1(i) and that WWP was thwarting him. Counsel for WWP disagrees and asserts that no such attempt was ever made. The Court finds that while WWP has provided some

evidence to the contrary, on balance Wounded Warriors has made a sufficient showing of an attempt to engage to satisfy the local rule.[1]  Therefore, the motion to strike will be denied.

## II. WOUNDED WARRIORS'S MOTION TO COMPEL

Next, the Court considers Wounded Warriors's motion to compel (Filing No. 157).  The Court notes that the defendant originally moved to compel responses to four discovery requests but has since withdrawn the motion as it relates to three of the four.  (Filing No. 181, at 1-2.)  Remaining before the Court is Wounded Warriors's request for production of documents.  The Federal Rules of Civil Procedure permit parties to serve on other parties requests to produce for inspection, copying, testing, or sampling "any designated documents or electronically stored information . . . stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form . . . ."  Fed. R. Civ. P. 34(a)(1)(A).  Here, Wounded Warriors has requested "[a]ll documents relating to or evidencing any donations received by Plaintiff from January 1, 2002 to the present."  (Filing No. 181, at 2.)  WWP objects to this request on the ground that it is overly broad, unduly burdensome and not

---

[1] Of greater concern to the Court here is the apparent lack of collegiality on display by counsel for both parties herein. The Court is troubled by what it perceives to be oblique attacks on the veracity of opposing counsel in the papers related to this motion.

reasonably calculated to lead to the discovery of admissible evidence. (Filing No. 171, at 2.) Fed. R. Civ. P. 26(b)(1) provides that a party may "obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." WWP does not object to production on the grounds of privilege. Instead, it suggests that the documents related to or evidencing its donations are not relevant to any party's claims or defenses. Wounded Warriors argues that WWP's donations are relevant to the calculation of any damages WWP may have sustained and to a possible rebuttal of WWP's expert, Robert Kirchner.

The Court finds that the motion should be denied. Wounded Warriors's request is temporally overbroad. It reaches as far into the past as January 1, 2002, when Wounded Warriors was not even operating in the United States. The request is also overbroad in scope, requesting donor information without regard to source or location. The request is unduly burdensome, requiring production of all documents relating to tens of thousands (or more) of donors. The request is also not reasonably calculated to lead to the discovery of admissible evidence because, unlike WWP, Wounded Warriors has not asserted claims for conversion or unjust enrichment in this case. In fact, Wounded Warriors does not pray for return of any misdirected donations with respect to any of the causes of action alleged in its counterclaim. (*See* Filing No. 52, at 11-12, 15-

16, 17-18, 19-20.)  Therefore, even if a review of WWP's donations could potentially lead to the discovery of some donations intended for Wounded Warriors but instead retained by WWP, such donations are not relevant to the calculation of damages here.  Furthermore, the Court has carefully reviewed the report of Robert L. Kirchner, CFE (May 8, 2009) and has determined that nothing therein relies upon WWP's donor information.  Accordingly, Wounded Warriors's motion to compel should be denied.

### III. WOUNDED WARRIORS'S MOTION TO EXTEND RESPONSE DEADLINE AND MOTION TO EXTEND EXPERT WITNESS DISCLOSURE

Wounded Warriors's motion to extend response deadline should be granted.  The Court notes that in the period between filing and today, Wounded Warriors has withdrawn its motion to compel with respect to three of four issues it had asked the Court to consider and filed its brief in opposition to plaintiff's motion for partial summary judgment (Filing No. 185).  Inasmuch as this motion requested an extension of the response deadline based in part upon the pendency of the withdrawn issues in the motion to compel, the Court will treat the brief as timely filed.  Regarding Wounded Warriors's motion to extend expert witness disclosure, the Court notes that the issues raised therein were decided at a scheduling conference held May 15, 2009, and reflected in the amended final progression order (Filing No. 210).  The motion will therefore be denied as moot.

IV. WOUNDED WARRIORS'S OBJECTION TO SUBPOENA OF HOTEL RECORDS

Wounded Warriors objects (Filing No. 198) to WWP's notice of intent to issue subpoenas duces tecum on Bahama Bay Resort and Spa and Victorian Resort and Conference Center (Filing No. 169). Wounded Warriors asserts that the documents requested by WWP are unlikely to lead to the discovery of relevant evidence and are thus beyond the scope of permissible discovery pursuant to Fed. R. Civ. P. 26(b). The Court disagrees. The scope of discovery pursuant to Rule 26(b) is "any nonprivileged matter that is relevant to any party's claim or defense . . . ." The contents of these records potentially bear on the credibility of Colonel Folsom, an officer of and key witness for the defendant. Because so much of Wounded Warriors's case, both in defense of WWP's claims and in its counterclaims, relies upon Folsom's credibility, the Court finds the notice well within WWP's discovery rights. The subpoenas duces tecum should therefore be allowed to issue. This ruling, however, should not be construed as limiting the right of the recipients of the subpoenas duces tecum to timely object.

V. WWP'S MOTION TO DISMISS

WWP moves (Filing No. 204) to voluntarily dismiss without prejudice its first claim for relief (trademark infringement) and second claim for relief (unfair competition) as set forth in its amended complaint (Filing No. 104). Wounded

-7-

Warriors argues that the Court should require that these claims be dismissed with prejudice because, among other reasons, WWP is moving for dismissal to avoid turning over records of its donations which are the subject of a motion to compel (Filing No. 157). The Court has previously determined, however, that the motion to compel should be denied. *See supra* Part II. Moreover, WWP's motion was filed one day after Wounded Warriors's notice of name change to "Wounded Warriors Family Support, Inc." (Filing No. 201.) The fact that WWP's motion was filed one day after this notice substantiates its assertion that it moved to dismiss because after Wounded Warriors voluntarily changed its name it was no longer necessary to coerce it to do so. WWP is also right to be concerned that a dismissal with prejudice would allow Wounded Warriors to change its name back without recourse. The Court therefore finds that WWP's motion to dismiss should be granted without prejudice. Accordingly,

IT IS ORDERED:

1) WWP's motion to strike (Filing No. 164) is denied;

2) Wounded Warriors's motion to compel (Filing No. 157) is denied;

3) Wounded Warriors's motion to extend response deadline (Filing No. 160) is granted; Wounded Warriors's brief in opposition to motion for partial summary judgment (Filing No. 185) is hereby deemed timely filed;

      4) Wounded Warriors's motion to extend expert witness disclosure (Filing No. 162) is denied as moot;

      5) Wounded Warriors's objection to issuance of subpoena duces tecum (Filing No. 198) is overruled;

      6) WWP's motion to dismiss its first and second claims for relief (Filing No. 204) is granted, without prejudice.

      DATED this 10th day of June, 2009.

                            BY THE COURT:

                              /s/ Lyle E. Strom
                              _____
                              LYLE E. STROM, Senior Judge
                              United States District Court