```
        IN THE UNITED STATES DISTRICT COURT FOR THE

                      DISTRICT OF NEBRASKA

WWP, INC.,                       )
                                 )
            Plaintiff,           )        8:07CV370
                                 )
       v.                        )
                                 )
WOUNDED WARRIORS, INC.,          )        MEMORANDUM AND ORDER
                                 )
            Defendant.           )
_____)
```

## I. INTRODUCTION

This matter is before the Court on plaintiff WWP, Inc.'s ("WWP") motion for partial summary judgment (Filing No. 150), and on defendant Wounded Warriors, Inc.'s ("Wounded Warriors") motion for leave to file supplemental index of evidence (Filing No. 202), and motion for partial summary judgment (Filing No. 187). The Court held a hearing on WWP's motion for summary judgment on June 25, 2009. Upon review of the motions, the briefs and evidentiary submissions of the parties, the arguments of counsel, and the applicable law, the Court finds that Wounded Warriors's motion for leave to supplement should be granted, that WWP's motion for summary judgment should be granted in part and denied in part and that Wounded Warriors's motion for summary judgment should be denied.

## II. CONSIDERATION OF BANK RECORDS

As an initial matter, the Court notes that Wounded Warriors's motion for leave to file a supplemental index of

evidence (Filing No. 202) is unopposed and seeks permission to file a letter and copies of several checks deposited in or drawn on Wounded Warriors's account at Great Western Bank (the "Great Western records"). The Court finds that the motion should be granted and will consider the Great Western records to the extent they may relate to WWP's motion for partial summary judgment (Filing No. 150).

### III. SUMMARY JUDGMENT STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Summary judgment will not lie if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A fact is material only when its resolution affects the outcome of the case. *Anderson,* 477 U.S. at 248. A material issue is genuine if it has any real basis in the record. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586-87 (1986). On a motion for summary judgment, the Court must view all evidence and inferences in the light most favorable to the nonmoving party. *Anderson,* 477 U.S. at 250. However, the

nonmoving party may not rest on the mere denials or allegations in the pleadings, but must set forth specific facts sufficient to raise a genuine issue for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986). If the plaintiff cannot support each essential element of his claim, summary judgment will be granted because a complete failure of proof regarding an essential element necessarily renders other facts immaterial. *Id.* at 322-23.

IV. WWP'S MOTION FOR PARTIAL SUMMARY JUDGMENT

WWP raises two issues in its motion for partial summary judgment. First, WWP seeks an order holding that, as a matter of law, Wounded Warriors converted checks and unjustly retained funds intended for it. Second, WWP asks that summary judgment be entered against Wounded Warriors on its trademark infringement and unfair competition claims. The Court held a hearing on this motion on June 25, 2009, and now finds that the motion should be denied as it relates to the conversion and unjust enrichment claims and granted as it relates to Wounded Warriors's counterclaims for trademark infringement and unfair competition.

A. Liability for Conversion and Unjust Enrichment

Before the Court considers whether WWP is entitled to summary judgment on its conversion claim, it necessarily must be satisfied that such a claim can be maintained at all. At the June 25 hearing, the parties discussed whether the last sentence

of Neb. Rev. Stat. U.C.C. § 3-420(a) foreclosed WWP's conversion claim.  Section 3-420(a) states that

> The law applicable to conversion of personal property applies to instruments.  An instrument is also converted if it is taken by transfer, other than a negotiation, from a person not entitled to enforce the instrument or a bank makes or obtains payment with respect to the instrument for a person not entitled to enforce the instrument or receive payment.  An action for conversion of an instrument may not be brought by (i) the issuer or acceptor of the instrument or (ii) a payee or indorsee who did not receive delivery of the instrument either directly or through delivery to an agent or a copayee.

"In Nebraska's common law, conversion 'is the unauthorized and wrongful dominion over personal property owned by another, which is exerted as a denial of or inconsistent with the owner's rights in the property or is asserted in derogation, exclusion, or defiance of another's ownership or title in personal property.'" *Hecker v. Ravenna Bank*, 468 N.W.2d 88, 95 (Neb. 1991) (Shanahan, J.).  WWP argues that U.C.C. § 3-420 creates a cause of action for conversion of an instrument that is distinct from the common law cause of action for conversion of personal property (Filing No. 219, at 2-8).  It is true that the Nebraska Supreme Court has held that the former U.C.C. § 3-419, § 3-420's predecessor, "does not displace the common-law action for conversion of a negotiable

-4-

instrument, but coexists with Nebraska's common law." *Hecker*, 468 N.W.2d at 95.  However, this does not resolve the issue.  The first sentence of § 3-420 preserves the common law action for conversion of a negotiable instrument.  The second sentence defines the statutory action for conversion of an instrument.  The third sentence limits who may bring an action for conversion of an instrument.  The question before the Court then is not whether the U.C.C. cause of action for conversion of an instrument preempts the similar common law action.  Rather, the question is whether the third sentence of U.C.C. § 3-420 limits who may bring an action under the U.C.C. or who may bring *any* action for conversion of an instrument.

   WWP argues that because the drafters of the U.C.C. contemplated a traditional commercial transaction, for policy reasons courts should limit the provision's application to the cause of action stated in § 3-420.  The notes accompanying U.C.C. § 3-420 do mention that "[s]ince the payee's right to enforce the underlying obligation is unaffected by the fraud of the thief, there is no reason to give any additional remedy to the payee."  U.C.C. § 3-420 cmt.  This is because "[n]ormally the drawer of a check intends to pay an obligation owed to the payee."  2 White & Summers, Uniform Commercial Code § 18-4, 4 (5th ed.).  That rationale does not apply here because in the context of a charitable donation there is no underlying obligation that the

check was intended to satisfy.  However, the statutory language is plain and does not recognize an exception for charities.  This presents an interesting question of statutory interpretation which the Court considers to be an open question.  However, it is one that the Court need not resolve at this time.

The Court need not resolve this issue because here the payee, WWP, received delivery of the instruments through an agent, Wounded Warriors.  Colonel Folsom testified that in the past he received checks made out to WWP and that, knowing they were not for him, he forwarded them to WWP's collection center.  When WWP processed these forwarded donations, it assented to Wounded Warriors's agency for that purpose.  Wounded Warriors was thus WWP's agent for the limited purpose of collecting misdirected donations and forwarding them to WWP.  *See generally* Restatement (Third) of Agency § 1.01 (2006).  Accordingly, WWP received delivery of the instruments through Wounded Warriors's agency and by its terms U.C.C. § 3-420 does not apply.  It is therefore proper that WWP maintain its claim for conversion.

The next question is whether summary judgment should be granted to WWP on its conversion and unjust enrichment claims.  Upon review of the record, the Court finds that material issues of fact, including witness credibility issues, exist which preclude summary judgment on each of these claims.  Summary judgment will therefore be denied.

B. Wounded Warriors's Counterclaims

The Lanham Act governs causes of action for trademark infringement, 15 U.S.C. § 1114, and unfair competition, 15 U.S.C. § 1125.  Trademark infringement and unfair competition claims under the Lanham Act are subject to the same analysis because "[t]rademark infringement is but a part of the broader law of unfair competition, and the facts supporting a suit for infringement and one for unfair competition are substantially identical."  *Heaton Distrib. Co. v. Union Tank Car Co.*, 387 F.2d 477, 483 (8th Cir. 1967).  In order to prevail on its claim of trademark infringement, Wounded Warriors must prove that "(1) the marks are valid and legally protectable; (2) the marks are owned by [Wounded Warriors]; and (3) [WWP's] use of the marks to identify goods or services is likely to create confusion concerning the origin of the goods or services."  *Ford Motor Co. v. Summit Motor Prods., Inc.*, 930 F.2d 277 (3d Cir. 1991).

Trademarks are classified into four categories, from least to most protectable:  generic, descriptive, suggestive, and arbitrary.  *See General Mills, Inc. v. Kellogg Co.*, 824 F.2d 622, 625 (8th Cir. 1987).

> A generic mark refers to the common name or nature of an article, and is therefore not entitled to trademark protection.  A term is descriptive if it conveys an 'immediate idea of the ingredients, qualities or characteristics of the goods,' and is protectible [sic]

-7-

> only if shown to have acquired a secondary meaning. Suggestive marks, which require imagination, thought, and perception to reach a conclusion as to the nature of the goods, and arbitrary or fanciful marks, are entitled to protection regardless of whether they have acquired secondary meaning.

*Frosty Treats, Inc. v. Sony Computer Entm't Am., Inc.*, 426 F.3d 1001, 1005 (8th Cir. 2005) (internal citations omitted).

Wounded Warriors's mark is not legally protectable. Colonel John Folsom, Wounded Warriors's founder, president, and 30(b)(6) witness, concedes as much in his deposition:

> Q. Okay. Did you believe the name Wounded Warriors, Incorporated, was a distinctive name?
>
> A. No, not at all. I think it's very generic. I mean, Wounded Warriors is a generic -- that's kind of like saying Computers, Incorporated, or White Bread, Incorporated.

(Filing No. 152-5, at 17.)[1] Moreover, even if "wounded warriors" were classified as descriptive instead of generic, there is no evidence that the term has acquired any secondary meaning. Thus, Wounded Warriors cannot prove the first element of its trademark infringement and unfair competition claims and they must be dismissed. WWP's motion for partial summary judgment should

---

[1] At the June 25 hearing, counsel for Wounded Warriors also conceded that the term is generic and consented to the granting of this motion on the trademark infringement claim.

therefore be granted as it relates to Wounded Warriors's counterclaims for trademark infringement and unfair competition.

V. WOUNDED WARRIORS'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Wounded Warriors seeks summary judgment with respect to the following four (4) issues in this case:

> (a) Plaintiff's First Claim for Relief alleging trademark infringement pursuant to the Lanham Act, 15 U.S.C. § 1114 et seq.;
>
> (b) Plaintiff's Second Claim for relief alleging unfair competition pursuant to 15 U.S.C. § 1125(a);
>
> (c) Plaintiff's Fourth Claim for Relief pursuant to the Nebraska Consumer Protection Act, Neb. Rev. Stat. § 59-1601 et seq.; and
>
> (d) Plaintiff's claim for damages subsequent to July 21, 2008.

(Filing No. 187.)  Issues (a), (b) and (d) above seek summary judgment against WWP on claims that the Court has recently dismissed without prejudice to refiling (*See* Filing No. 215, at 9).  The motion will therefore be denied as moot with respect to those issues.  Issue (c), whether this case affects the public interest as required by Neb. Rev. Stat. § 59-1601(2), is therefore the only remaining question raised in this motion.

The Nebraska Consumer Protection Act, Neb. Rev. Stat. § 59-1601 et seq., provides in part that "unfair or deceptive acts or practices in the conduct of any trade or commerce shall be unlawful."  § 59-1602.  "Trade and commerce shall mean the

-9-

sale of assets or services and any commerce directly or indirectly affecting the people of the State of Nebraska . . . ." § 59-1601(2).  Wounded Warriors argues that the Act does not apply here because "this matter does not affect the public interest."  (Filing No. 188, at 9.)  The Court disagrees.  "[T]he public interest is served by preventing consumer confusion in the marketplace . . . ."  *Davidoff & Cie, SA v. PLD Int'l Corp.*, 263 F.3d 1297, 1304 (11th Cir. 2001).  Wounded Warriors has repeatedly conceded that donor confusion exists in this case and therefore this motion should be denied.  Accordingly,

IT IS ORDERED:

1) Defendant's motion for leave to file supplemental index of evidence (Filing No. 202) is granted;

2) Plaintiff's motion for partial summary judgment (Filing No. 150) is granted in part and denied in part; defendant's counterclaims for trademark infringement and unfair competition are dismissed; the motion is denied in all other respects;

3) Defendant's motion for partial summary judgment (Filing No. 187) is denied.

DATED this 24th day of July, 2009.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court