```
         IN THE UNITED STATES DISTRICT COURT FOR THE

                      DISTRICT OF NEBRASKA

WWP, INC.,                    )
                              )
          Plaintiff,          )         8:07CV370
                              )
     v.                       )
                              )
WOUNDED WARRIORS, INC.,       )         ORDER
                              )
          Defendant.          )
_____)
```

This matter is before the Court on defendant's motion in limine (Filing No. 236) and plaintiff's motion to strike expert report (Filing No. 251). Upon review of the motions, the parties' briefs, and the applicable law, the Court finds that defendant's motion (Filing No. 236) should be denied and that ruling on plaintiff's motion (Filing No. 251) should be reserved.

**1. DEFENDANT'S MOTION IN LIMINE (Filing No. 236)**

Defendant moves to exclude the testimony of plaintiff's proposed expert, Robert L. Kirchner. Defendant claims Mr. Kirchner's testimony is not admissible expert testimony because it would not be helpful to the jury, fails to rule out alternative explanations, and does not sufficiently connect with the facts of this case.

Plaintiff's counsel retained Mr. Kirchner to review relevant documents and determine the amount of "misdirected donations" defendant received, if any. Mr. Kirchner's report states two opinions: (1) defendant received a minimum of

$1,237,355 in donations intended for the plaintiff between November 1, 2004, and July 31, 2008; and (2) plaintiff was injured in its business or property and sustained actual damages in the amount of $1,237,355 due to defendant's deceptive trade practices.

The admissibility of expert testimony is governed by Rule 702 of the Federal Rules of Evidence, which provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

"The proponent of the expert testimony bears the burden to prove its admissibility." *Menz v. New Holland North Am., Inc.*, 507 F.3d 1107, 1114 (8th Cir. 2007).

The Court finds Mr. Kirchner's testimony sufficiently satisfies the standards for admissibility of expert testimony. Defendant argues that because Mr. Kirchner applied uncomplicated mathematical principles to donation data, his testimony should be

excluded.  The Court disagrees.  Mr. Kirchner relied on his experience in analyzing a substantial amount of financial data in forming his opinions, and his testimony will be helpful to the jury's understanding of the evidence.  In addition, Mr. Kirchner utilized and applied a sufficiently reliable methodology in reaching his opinions.  Defendant's challenges to Mr. Kirchner's failure to consider and account for certain factors goes to the weight of his testimony rather than admissibility.  Defendant's motion in limine will be denied.  Accordingly,

IT IS ORDERED:

1) Defendant's motion in limine (Filing No. 236) is denied.

2) Plaintiff's motion to strike expert report (Filing No. 251) is reserved pending the Court's review of the deposition of Mr. Hein taken by the plaintiff.  A complete copy of that deposition should be furnished to the Court on or before Friday, September 18, 2009.

DATED this 17th day of September, 2009.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court