IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
WWP, INC.,                     )
                               )
          Plaintiff,           )         8:07CV370
                               )
     v.                        )
                               )
WOUNDED WARRIORS, INC.,        )         ORDER
                               )
          Defendant.           )
_____)
```

This matter is before the Court on defendant Wounded Warriors, Inc.'s ("Wounded Warriors") motion *in limine* (Filing No. 299) asking the Court to preclude any discussion before the jury of the preliminary injunction the Court entered (Filing No. 95) and of the Court's findings of fact supporting the preliminary injunction.  The preliminary injunction ordered Wounded Warriors to remove the content from its website, www.woundedwarriors.org, and to post a message on the website stating: "THIS SITE IS NOT AFFILIATED WITH THE WOUNDED WARRIOR PROJECT."

**DISCUSSION**

Wounded Warriors argues Fed. R. Evid. 402 and 403 preclude allowing any discussion of the preliminary injunction at trial.  Rule 402 states: "All relevant evidence is admissible . . . .  Evidence which is not relevant is not admissible."  Fed. R. Evid. 402.  Wounded Warriors argues the evidence the Court considered during the preliminary injunction hearing is not

relevant because "all parties have since had the opportunity to conduct extensive discovery in this matter and flesh out disputed issues of fact." (Memorandum Brief in Support of Motion in Limine, Filing No. 300, at 1). In support of this conclusion, Wounded Warriors cites case law which stands for the proposition that the findings of fact and conclusions of law a court makes when it decides whether to issue a preliminary injunction are not binding on the finder of fact at trial. *See DeSmeth v. Samsung*, No. 92 CIV 3710, 1998 WL 315469, at *2 (S.D.N.Y. June 16, 1998) (citing *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981)).

While it is correct the findings of fact and conclusions of law a court makes from the preliminary injunction hearing are not binding on the finder of fact at trial, this rule does not mean the evidence presented during the preliminary injunction is irrelevant, and thus inadmissible. *See* Charles A. Wright et al., 11A Federal Practice & Procedure § 2950, at 251-52 (1995) ("The crucial point is that the court's findings of fact on a preliminary-injunction hearing will not infringe the right to a jury trial on those issues; the jury may redetermine them for itself without regard to the court's initial conclusions under [Fed. R. Civ. P.] 65(a).") The evidence presented during a preliminary injunction hearing may be re-presented at trial, so long as the evidence is relevant and not inadmissible under some other rule. *Cf.* Fed. R. Civ. P. 65(a)(2) ("[E]vidence that is

-2-

received on the [preliminary injunction] motion and that would be admissible at trial becomes part of the trial record and need not be repeated at trial."); Fed. R. Evid. 402.

Wounded Warriors has not demonstrated the evidence presented at the preliminary injunction hearing was irrelevant. Therefore, because the evidence is relevant and because Rule 65(a)(2) contemplates the admission at trial of evidence originally presented at a preliminary injunction hearing, the evidence presented at the preliminary injunction hearing is admissible, unless some other rule or law makes the evidence inadmissible.

Wounded Warriors also argues Rule 403 makes discussing anything related to the preliminary injunction hearing impermissible. Rule 403 provides: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. . . ." Fed. R. Evid. 403. Wounded Warriors posits unfair prejudice would result to it because the jury would be incapable of fully understanding the abbreviated preparation time parties have in preparing for a preliminary injunction hearing.

Wounded Warriors provides no authority standing for its proposition that information pertaining to a court's granting of a preliminary injunction causes undue prejudice. Wounded

-3-

Warriors has not demonstrated information about the preliminary injunction is inadmissible under Rule 403.

Despite Wounded Warrior's failure to demonstrate undue prejudice would result if evidence regarding the preliminary injunction was admitted, the Court recognizes a potential for confusion exists if the jury hears evidence regarding the Court's previous granting of the preliminary injunction.  Rule 105 provides for courts to make a limiting instruction to the jury when evidence is admissible for one purpose, but is inadmissible for another purpose.  Fed. R. Evid. 105.  Indeed, authority cited by plaintiff WWP, Inc. confirms the use of a limiting instruction is proper when a jury hears information pertaining to a court's earlier granting of a preliminary injunction.  *See Tamko Roofing Products, Inc. v. Ideal Roofing Co., Ltd.*, 282 F.3d 23, 39-40 (1st Cir. 2002) (stating the trial court's strong limiting instruction to the jury was sufficient to cure a breach of agreement between the parties not to discuss a preliminary injunction's issuance).

Thus, the Court believes that a limiting instruction whenever necessary will address defendant's concern.  Such an instruction can inform the jury that the Court's preliminary injunction is not binding on the jury.

IT IS ORDERED:

1)  Because the evidence from the preliminary injunction hearing is relevant and the evidence's presentment will not create unfair prejudice to Wounded Warriors, the evidence from the preliminary injunction hearing is admissible at trial, unless otherwise prohibited by some rule or law; and

2)  When a party seeks to present evidence relating to the Court's granting of the preliminary injunction, the Court will provide the jury with an appropriate limiting instruction.

DATED this 21st day of September, 2009.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court