IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
WWP, INC.,                      )
                                )
              Plaintiff,        )         8:07CV370
                                )
     v.                         )
                                )
WOUNDED WARRIORS FAMILY         )         MEMORANDUM OPINION
SUPPORT, INC.,                  )
                                )
              Defendant.        )
_____)
```

This matter is before the Court on defendant's renewed motion for judgment as a matter of law and alternative motion for new trial or motion to alter or amend judgment (Filing No. 334) and plaintiff's motion to alter or amend judgment (Filing No. 336). Upon review, the Court finds defendant's renewed motion for judgment as a matter of law and alternative motion for new trial or to alter or amend judgment should be denied, and plaintiff's motion to alter or amend judgment should be granted to the extent consistent with this memorandum opinion.

**1. Defendant's renewed motion for judgment as a matter of law and alternative motion for a new trial or to alter or amend the judgment (Filing No. 334)**

The Court has reviewed defendant's motion (Filing No. 334), defendant's brief in support of the motion (Filing No. 335), and plaintiff's response to the motion (Filing No. 339) and finds the motion should be denied.

**2. Plaintiff's motion to alter or amend judgment (Filing No. 336)**

Plaintiff moves the Court to alter or amend the order and judgment dated October 22, 2009, to include findings of fact, conclusions of law, and the remedy of permanent injunctive relief under the Nebraska Deceptive Trade Practices Act ("NDTPA"), Neb. Rev. Stat. §§ 87-301 et seq.

## BACKGROUND

Trial was held in this matter in September 2009. Two claims were submitted to the jury; plaintiff's claim for injunctive relief under the NDTPA was reserved for the Court's determination. On October 22, 2009, the Court entered judgment in favor of the plaintiff on the jury verdict but failed to specifically address plaintiff's NDTPA claim.

## DISCUSSION

The Court may amend the judgment and make additional findings of fact and conclusions of law. *See* Fed. R. Civ. P. 52(b), 59(e). It is appropriate to do so in this circumstance. After consideration of the evidence adduced at trial and the applicable law, the Court will amend the order and judgment dated October 22, 2009, to include the following findings of fact and conclusions of law with respect to plaintiff's claim for injunctive relief under the NDTPA.

**A. Findings of Fact**

    1) Plaintiff is a Virginia nonprofit corporation with its principal place of business in Jacksonville, Florida.

    2) Defendant is a Nebraska nonprofit corporation with its principal place of business in Omaha, Nebraska.

    3) Plaintiff and defendant provide charitable services to injured service men and women.

    4) Plaintiff and defendant are not, and have never been, affiliated with or associated with each other.

    5) In October 2003, defendant's principal used the name "Wounded Warrior Hospital Fund" in providing support to Landstuhl Regional Medical Center, which is a military hospital in Landstuhl, Germany.

    6) In July 2003, defendant registered the domain name http://www.woundedwarriorhospitalfund.org.

    7) Defendant's principal learned about plaintiff in May 2004.

    8) On May 21, 2004, defendant incorporated in the State of Nebraska as Wounded Warriors, Inc.

    9) Defendant began operating a website http://www.woundedwarriors.org./ in the fall of 2004.

    10) Defendant changed its corporate name from Wounded Warriors, Inc. to Wounded Warriors Family Support, Inc. on April

27, 2009. Defendant stopped operating the http://www.woundedwarriors.org/ website in July 2008.

11) In 2003, the founder of plaintiff's predecessor organization began using the name "Wounded Warrior Project" in connection with fund-raising efforts to provide injured service members at trauma centers with backpacks filled with essential care and comfort items.

12) Plaintiff has continuously used the name "Wounded Warrior Project" to identify its charitable services since its inception.

13) Plaintiff registered the domain name http://www.woundedwarriorproject.org/ in March 2004.

14) In September 2005, plaintiff's predecessor obtained a registered service mark that depicts one soldier carrying another on his back with the words "wounded warrior project" below.

15) Plaintiff has expended considerable resources in advertising and marketing its services, and it has received significant media attention.

16) There was confusion among prospective donors as to defendant's association with plaintiff.

17) Donors mistakenly sent donations to defendant that were intended for plaintiff.

18) Defendant's principal was aware, at least as early as November 2004, that confusion existed.

**B. Conclusions of Law**

1) Plaintiff's NDTPA Claim

To establish a violation of the NDTPA, plaintiff must prove that defendant has engaged in a deceptive trade practice and plaintiff has been damaged.  The NDTPA provides that

> (a) A person engages in a deceptive trade practice when, in the course of his or her business, vocation, or occupation, he or she:
>
> (1) Passes off goods or services as those of another;
>
> (2) Causes likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services;
>
> (3) Causes likelihood of confusion or of misunderstanding as to affiliation, connection, or association with, or certification by, another[.]

Neb. Rev. Stat. § 87-302(a)(1)-(3).

Plaintiff has proved its NDTPA claim against defendant. Defendant engaged in a deceptive trade practice because its operation of the http://www.woundedwarriors.org/ website caused confusion among prospective donors as to the source of its services and as to its connection or association with plaintiff. Defendant contends it took actions to dispel confusion that existed, but the evidence establishes that the actions it took

-5-

were insufficient to alleviate the confusion. As a result of the confusion, plaintiff suffered harm to its reputation and good will and did not receive all donations that were intended for it. Accordingly, plaintiff is entitled to judgment on its NDTPA claim against defendant.

        2) Remedy for defendant's violation of the NDTPA

The Court previously entered a preliminary injunction in favor of plaintiff that enjoined defendant's use of the http://www.woundedwarriors.org/ website. Plaintiff now requests the Court permanently enjoin defendant's use of the http://www.woundedwarriors.org/ website and order defendant to transfer the internet URL to plaintiff.

The NDTPA provides for injunctive relief "under the principles of equity and on terms that the court considers reasonable" where a person is likely to be damaged by the deceptive trade practice of another in the future. *See* Neb. Rev. Stat. § 87-303(a). In determining whether injunctive relief is appropriate, the Court must balance three factors: "(1) the threat of irreparable harm to the movant; (2) the harm to be suffered by the nonmoving party if the injunction is granted; and (3) the public interest at stake." *Layton v. Elder*, 143 F.3d 469, 472 (8th Cir. 1998).

The relevant factors weigh in favor of granting injunctive relief. There is a likelihood that plaintiff will

suffer additional harm in the future if defendant continues to operate the offending website.  The threatened harm to plaintiff is irreparable because it includes harm to plaintiff's reputation and good will and the loss of donations that cannot be determined with certainty.  Defendant has not identified any harm it will suffer if it is permanently enjoined from using the offending website, and the public's interest weighs in favor of the injunction.  The public has a right to be free from the confusion that will likely exist if defendant continues to operate the offending website, and the public is entitled to be assured that its donations go to the intended organization and are used for their intended purposes.

In order to protect plaintiff from any future deceptive trade practices by the defendant, it is appropriate to permanently enjoin defendant's use of the http://www.woundedwarriors.org/ website.  This injunction includes permanently prohibiting defendant from placing any content on the http://www.woundedwarriors.org/ website and from redirecting, linking, or otherwise transferring visitors to the http://www.woundedwarriors.org/ website to any other website.  However, the Court will deny plaintiff's request that defendant also be forced to transfer the URL http://www.woundedwarriors.org/ to plaintiff, as such relief is

not supported by the present record.[1]  A separate order will be entered herein in accordance with this memorandum opinion.

DATED this 28th day of January, 2010.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court

---

[1] Plaintiff's motion to amend the judgment does not address its previous request for an award of attorney's fees.  To the extent plaintiff still seeks such relief, it is denied.