IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
WWP, INC.,                       )
                                 )
               Plaintiff,        )         8:07CV370
                                 )
     v.                          )
                                 )
WOUNDED WARRIORS FAMILY          )         MEMORANDUM AND ORDER
SUPPORT, INC.,                   )
                                 )
               Defendant.        )
_____)
```

This matter is before the Court upon defendant's motion for entry of partial satisfaction of judgment (Filing No. 489) and plaintiff's motion to amend caption (Filing No. 497). The Court held oral argument on these matters on December 20, 2011. Upon considering the oral arguments submitted by both parties and reviewing the briefs, evidence, and relevant law, the Court will grant defendant's motion for entry of partial satisfaction of judgment and grant plaintiff's motion to amend caption.

**I. Defendant's motion for entry of partial satisfaction of judgment**

On or about October 22, 2009, this Court entered its Order and Judgment upon the jury's verdict in favor of plaintiff and against defendant in the total amount of $1,692,719.00. See Filing No. 332. Shortly thereafter, the Court entered an Order and Amended Judgment dated January 28, 2010, including in its original Order and Judgment an injunction prohibiting defendant "from using the http://www.woundedwarriors.org/ website" and from

"placing any content on [such] website and from redirecting, linking, or otherwise transferring visitors to [such] website to any other website." See Filing No. 351. This Court's Order and Amended Judgment was affirmed by the Eighth Circuit Court of Appeals on January 12, 2011. See Filing No. 476.

A dispute has arisen between the parties with respect to the amount of credit defendant should be given against the judgment entered against it. Defendant's motion for entry of partial satisfaction of judgment seeks an order issued by this Court acknowledging defendant's partial satisfaction of the judgment entered against it in the total amount of $898,241.73. See Filing No. 489.

Plaintiff agrees that defendant is entitled to partial satisfaction of the judgment entered against it in the amount of 498,241.73. Plaintiff disputes, however, that defendant is entitled to partial satisfaction of the judgment entered against it in the amount of $400,000, representing a wire transfer made by defendant's counsel and on defendant's behalf to plaintiff on or about June 20 and 21, 2011. See Filing Nos. 495 and 499.

The following e-mail conversation took place between counsel for defendant and counsel for plaintiff regarding this wire transfer:

On June 15, 2011 at 6:32 PM, defendant's counsel sent the following e-mail to plaintiff's counsel:

-2-

> In response to my request for settlement discussion to begin, you advised that [defendant] needed to show a voluntary payment in the amount of $600,000 based on that amount being referenced by Wounded Warriors Family Support Initiative [WWFSI] with regard to a [sic] event it was running for the benefit of [defendant]. I told you WWFSI was independent of [defendant] but I have been informed that it is in fact running an event that will benefit [defendant]. You asked that [defendant] commit the expected proceeds from the event for the benefit of [plaintiff] and [defendant] is prepared to do that. Please advise if [plaintiff] is willing to accept same as a showing of "good will" and if so how [plaintiff] wishes to receive payment.

See Filing No. 496-10.

On June 16, 2011, at 4:36 PM, plaintiff's counsel sent the following response to defendant's counsel:

> I'm unclear on your e-mail below and exactly what [defendant] is offering to settle with [plaintiff] . . . . [I]t is our position that any funds raised tonight are the result of further deceptive trade practices by Mr. Folsom and [defendant] and that such funds constitute additional damages that have been incurred by [plaintiff] . . . .
>
> [It] would be our position that any settlement with [plaintiff] would need to include provisions requiring [defendant] and WWFSI to change their names and

-3-

>  for Mr. Folsom to permanently cease any direct or indirect fundraising activities under any derivation of the name Wounded Warriors. We consider this to be the only way to avoid ongoing confusion that is being caused by these intentional efforts to trade upon the goodwill of [plaintiff].
>
>  Regarding tonight's event, it appears [defendant]/WWFSI has raised, at a minimum $600,000 that properly belongs to [plaintiff]. [Plaintiff] expects to receive $600,000 as a credit due on the outstanding judgment by 5:00 pm EST June 20, 2011. Wiring instructions below. If [defendant] is serious about discussing settlement, please send me the material terms of such settlement and supporting financial documents evidencing [defendant]'s ability to meet the terms of such payment.

See Filing No. 496-11 (emphasis added).

On June 20, 2011 at 1:03 PM, defendant's counsel sent the following response to plaintiff's counsel: "I can forward to [plaintiff] today $400,000 of the net proceeds of the Intrepid fundraiser and will forward the balance to [plaintiff] upon receipt . . . . Please advise as to how [plaintiff] wishes to receive said funds." See Filing No. 491-1.

On June 21, 2011, at 10:38 AM, plaintiff's counsel sent the following e-mail to defendant's counsel in response: "[Plaintiff] can receive a wire payment via the information below." See id.

The same day at 10:46 AM, defendant's counsel sent the following e-mail to plaintiff's counsel: "[T]he $400,000 payment will be on it's way shortly." See id.

Upon reviewing the preceding e-mail correspondence, the Court concludes the parties made a deal. Counsel for plaintiff indicated funds received from the WWFSI/Intrepid fundraiser event would be considered "a credit due on the outstanding judgment." See Filing No. 496-11 (emphasis added). Counsel for plaintiff accepted defendant's partial payment of such funds without dispute or any indication that it had retracted its prior statement that the funds would be considered "a credit due on the outstanding judgment." See id. (emphasis added). Thus, the Court will grant defendant's motion for entry of partial satisfaction of judgment in the amount of $898,241.73.

**II. Motion to amend caption**

On September 15, 2009, plaintiff amended its articles of incorporation to change its name from WWP, Inc. to Wounded Warrior Project, Inc. Pursuant to the Court's authority under Federal Rule of Civil Procedure 60(a), the Court will correct this mistake as it arises from oversight and amend the caption in this case to reflect plaintiff's name change to Wounded Warrior Project, Inc. Accordingly,

IT IS ORDERED:

1) Defendant's motion for entry of partial satisfaction of judgment (Filing No. 489) is granted.

2) Defendant has partially satisfied the judgment entered against it in this case in the total amount of $898,241.73.

3) Plaintiff's motion to amend caption (Filing No. 497) is granted.

4) The caption in this case is amended to reflect plaintiff's name change to Wounded Warrior Project, Inc.

DATED this 29th day of December, 2011.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court